### GENERAL FINANCE CO. OF PHILADELPHIA, PA., v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 6016.

Circuit Court of Appeals, Third Circuit.

Sept. 10, 1936.

David S. Malis, of Philadelphia, Pa., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and John Mac Hudson, Sp. Assts. to Atty. Gen., and E. W. Pavenstedt and A. F. Prescott, both of Washington, D. C., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of redetermination by the Board of Tax Appeals which denied the petitioner the right to deduct, in its income tax returns, net losses sustained in the two years prior to the time when, as a Delaware corporation, it became "domesticated" under the laws of Pennsylvania.

In 1921 the petitioner was incorporated in the state of Delaware. Its sole office and place of business was in Philadelphia. From 1921 to 1929 the petitioner complied with the statutes, taxing and otherwise, of Pennsylvania dealing with foreign corporations, and filed duplicate returns in Delaware and Pennsylvania. In 1929, to avoid the burdens of this duplication, by appropriate action of the officers, directors, and stockholders, it "domesticated" itself in Pennsylvania according to the procedure set forth in the statutes of that commonwealth. The corporate capital structure, place of business, officers, directors, and stockholders remained as they had been, and there is no evidence of any change whatever in the powers and privileges that could be exercised.

In filing its income tax return for 1930, the petitioner deducted from its income a net loss of $28,808.52 sustained by the Delaware corporation during the years 1928 and 1929. In 1931 the petitioner carried over a loss of $8,228.25.

The deductions were claimed under section 117 (b) of the Revenue Act of 1928 (26 U.S.C.A. § 117 note), which reads:

"*Net Loss as a Deduction.*—If, for any taxable year, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding

taxable year (hereinafter in this section called 'second year'), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called 'third year') ; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

The commissioner disallowed the above deductions on the ground that the petitioner, having domesticated itself in Pennsylvania, was not the same taxpayer as the Delaware corporation. The Board of Tax Appeals agreed with this interpretation. Three members of the board, however, dissented from the majority opinion. The dissenting members likened the domestication process to the process of naturalization, and were of the opinion that no change of identity occurred, but merely a change of allegiance.

The determination of this question depends upon the statutory requirements of the laws of Pennsylvania relating to the domestication of foreign corporations. The act is entitled, "An Act to authorize foreign corporations to become corporations of Pennsylvania." Pennsylvania Statutes Annotated, title 15, c. 53. The act provides:

"§ 3181. Corporations, created by or under the laws of any other state, doing business in this state * * * may become corporations of this state * * * by preparing, having approved, and recorded, a certificate. * * * Said certificate shall be accompanied by a certificate, under the seal of the corporation, showing the consent of a majority in interest of such corporation to such application for a charter, and to a renunciation of its original charter, and of all privileges not enjoyed by corporations of its class, under the laws of Pennsylvania [this commonweath]."

"§ 3182. Acknowledgment and oath; approval and recording of certificates; letters patent.

"Said certificates shall be acknowledged by at least three of the directors of said corporation, before the recorder of deeds of the county in which the chief operations are to be carried on, or in which the principal office is situated, and said directors shall also make and subscribe an oath or affirmation before him, to be en-dorsed on the said certificate, that the statements contained therein are true. The said certificate shall then be produced to the governor of this commonwealth, who shall examine the same, and if he find it to be in proper form, and within the purposes named for corporations of the second class in the said second section of said act of April 29, 1874, before mentioned, he shall approve thereof, and endorse his approval thereon, and direct letters patent to issue, in the usual form, encorporating said stockholders and their successors into a body politic and corporate in deed and in law, by the name chosen; and the said certificate shall be recorded, in the office of the secretary of the commonwealth, in a book to be by him kept for that purpose, and he shall forthwith furnish the auditor general an abstract therefrom, showing the name, location, amount of capital stock, and name and address of the treasurer of such corporation; the said original certificate, with all its endorsements, shall then be recorded in the office for the recording of deeds in and for the county where the chief operations are to be carried on."

"§ 3183. Rights, powers, property, etc.; suits and claims. From the date of said letters patent said corporation shall be and exist as a corporation of this commonwealth, under the provisions of law regulating corporations of its class and of its charter; and all of the rights, privileges, powers, immunities, lands, property and assets, of whatever kind or character the same may be, possessed and owned by the original corporation, shall vest in, and be owned and enjoyed by, the said corporation so created, as fully and with like effect, as if its original charter had remained in force, save as by general law and said certificate expressly stated otherwise; and all suits, claims and demands by said corporation, in existence at the date of said new charter, shall and may be sued, prosecuted and collected, under the laws governing the said corporation prior to its new charter, and claims and demands of every nature and character in existence at the date of said new charter may be collected from and of said new chartered corporation, as fully and with like effect as if no change had taken place."

The act read as a whole indicates that when the statutory requirements are complied with a new corporation comes into existence. The old charter is abandoned and a new one is created. Section 3183

848

specification speaks of the "original" and the "new chartered corporation." This construction is in accord with the opinion of the Attorney General of Pennsylvania found in National Metal Edge Box Co., 30 Pa.C.C. 273.

The next question is whether or not the new domesticated corporation is the same taxpayer within the contemplation of section 117 (b) as was the Delaware corporation.

The taxpayer has argued that the court should look through form and consider substance. We realize that this is the same economic interest, owned and operated by the same individuals and with the same privileges, powers, and capital structure. However, this case is governed by the rule of law declared in New Colonial Ice Co., Inc., v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348, and California Barrel Company v. Commissioner (C.C.A.) 81 F. (2d) 190.

In the former case the contention here made was considered and passed upon by Justice Van Devanter, speaking for the court, as follows, 292 U.S. 435, on page 441, 54 S.Ct. 788, 791, 78 L.Ed. 1348:

"We come then to an alternative contention that, * * * the deduction should be allowed because 'for all practical purposes the new corporation was the same entity as the old one and therefore the same taxpayer.' This is not in accord with the view on which the stockholders and creditors proceeded when the new company was brought into being. . They deserted the old company and turned to the new one because they regarded it as a distinct corporate entity and therefore free from difficulties attending the old one. * * * Be this as it may, we are of opinion that in law and in fact the two corporations were not identical but distinct. * * * Thus the contention * * * has no basis, unless * * * the fact that the stockholders of the two corporations were substantially the same constitutes such a basis.

"As a general rule a corporation and its stockholders are deemed separate entities and this is true in respect of tax problems. * * * The separate entity may be disregarded in exceptional situations. * * * But in this case we find no such exceptional situation—nothing taking it out of the general rule."

The order of redetermination of the Board of Tax Appeals is affirmed.