EVERETT J. ESSELSTYN, EXECUTOR OF THE LAST WILL AND TESTA-
MENT OF SOPHIA CURTISS, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 33661.   Promulgated May 25, 1932.

*Donald Horne, Esq.*, for the petitioner.
*William E. Davis, Esq.*, for the respondent.

182

## OPINION.

SEAWELL: Much confusion exists in the record as to the specific action of the Commissioner which is complained of by the petitioner, but from an analysis of the data submitted the following computations will show the situation as we understand it. In the first place, the income of the estate which was considered distributable and taxable to the petitioner is shown as follows:

*Income:*

| | | |
|---|---:|---:|
| Interest | $2,331.90 | |
| Dividends | 109,024.90 | |
| | | $111,356.80 |

*Expenses:*

| | | |
|---|---:|---:|
| Interest | $2,134.75 | |
| Massachusetts income tax | 3,862.51 | |
| Administration expenses | 1,140.88 | |
| | | 7,138.14 |
| Total distributable income | | 104,218.66 |

Since under the terms of the will in question one-half of the income was distributable to the petitioner, the income upon which the Commissioner determined the deficiency with which we are concerned is shown as follows:

| | | |
|---|---:|---:|
| Total income (½ of $104,218.66) | | $52,109.33 |
| Less: | | |
| Interest | $82.50 | |
| Taxes | 609.14 | |
| | | 691.64 |
| Net income (subject to surtax) | | 51,417.69 |

A comparison of the distributable income as determined above for the estate with that shown by the petitioner's decedent in her return shows, in effect, only two changes, namely, the item referred to as " Profit from sale of rights " in the amount of $3,238.34 is eliminated from the income items, and the deduction claimed in the amount of $25,723.54 on account of " Addl. Federal estate tax " has been disallowed. The parties are agreed that the former item was properly eliminated from the distributable income, since it represented a capital gain which became a part of the corpus and therefore was not distributable as income of the estate.

The disagreement relates entirely to the latter item, and the parties are agreed that the sole question to be answered is whether in determining the distributable income for 1923 from the residue of the estate of Frank Curtiss such income should be reduced by an additional Federal estate tax which was paid by the executor of the said estate in 1923. The contention of the Commissioner is that the petitioner is taxable upon the income distributable to her under the terms of the will and that since the Federal estate tax is deductible only by the estate, the amount distributable can not be reduced on account of the payment of such tax. The petitioner controverts the position of the Commissioner and says the executor could deduct from income estate taxes paid by him, and that to the extent that he did so the distributable net income to the beneficiaries was legally and properly reduced, and the " net interest and income " under the will is the amount remaining of income after payment of the estate · tax and deductions not contested.

At the outset it should be observed that we are concerned with the return of a beneficiary and not with that of a fiduciary. Admittedly, where during the process of administration we are seeking to determine the income of an estate which is subject to income tax, estate tax paid or accrued during a given year is a proper deduction from the gross income of the estate. It is a charge on the estate and is to be paid by the administrator or executor in a similar manner to that in which other charges are paid, that is, out of any available funds, or if there be none, from money secured by the conversion of other property for that purpose. *United States* v. *Woodward*, 256 U. S. 632.

But does the fact that the fiduciary is entitled under the revenue acts to a deduction of estate tax for income-tax purposes necessarily affect or serve to reduce the distributable income to which the beneficiary is otherwise entitled and on which he is required to pay an income tax? We think not. Of course, in the instant case the payment of the estate tax reduced the residue or remainder from which income would be derived, but what we are concerned with is income which has been earned by the remainder or residue of the estate. As to this income, the will specifically provides that such income, after deducting all necessary and proper charges and expenses, shall be paid over to the beneficiaries named, one of whom was the petitioner's decedent. The Federal estate tax paid was not a charge or expense incident to the earning of the income which would be distributed, but was a tax imposed on the transfer of the estate and as such was a charge against the estate rather than a charge against the income which the will provided should be distributed to the beneficiaries.

The principle involved is not unlike that heretofore considered by the courts and the Board on many occasions where conclusions adverse to that contended for by the petitioner have been reached. *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428; *Matthiessen* v. *United States*, 67 Ct. Cls. 571; *O. Ben Haley*, 6 B. T. A. 782; *James B. Waller, Jr.*, 8 B. T. A. 935; and *Walter S. Gurnee et al., Executors*, 13 B. T. A. 262. The action of the Commissioner in refusing to allow the Federal estate tax as a deduction in determining the income distributable and taxable to the petitioner's decedent is accordingly sustained.

*Judgment will be entered for the respondent.*