## GILLETTE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 33.

Circuit Court of Appeals, Second Circuit.
March 4, 1935.

Robert H. Montgomery, of Washington, D. C. (Thomas G. Haight, of Jersey City, N. J., and James O. Wynn, Roswell Magill, and George G. Blattmachr, all of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and John G. Remey, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a proceeding to review a determination of a deficiency in income taxes by the Board of Tax Appeals.

On May 26, 1923, Lina Gillette, the aunt of the taxpayer, transferred certain shares of stock of the Gillette Safety Razor Company to trustees who were to hold the stock in trust, paying the net income to the settlor, Lina Gillette, and her mother, Fanny Gillette, during their joint lives and during the life of the survivor, and, upon the death of the survivor, were to pay over the corpus of the trust to the taxpayer and his brother in equal shares. Lina Gillette died August 4, 1926, and Fanny Gillette on December 25, 1926.

The superior court of California held that the transfer by Lina Gillette was made in contemplation of death, and adjudged that the taxpayer Elmon C. Gillette was liable to pay an inheritance tax on the remainder interest transferred to him under the trust deed. He paid $64,918.98 on account of this tax liability in 1928, and deducted that amount from his income when making his tax return for that year. Under authority of section 23 (c) of the Revenue Act of 1928 (26 USCA § 2023 (c), the Commissioner disallowed the deduction and determined a deficiency of $15,001 because of the disallowance. The Board of Tax Appeals affirmed the Commissioner.

None of the property of the trust ever came into the hands of the executors of Lina Gillette, and they paid no inheritance taxes thereon, but it remained in the possession of the trustees until actually distributed to the remaindermen.

The right of the taxpayer to deduct the inheritance taxes, which he paid in 1928,

from his income for that year, is the subject of the controversy on the present appeal.

Section 23 (c) of the Revenue Act of 1928, which became a law on May 29th of that year, in computing net income for purposes of taxation, allowed the deduction from gross income of taxes paid or accrued during the taxable year, but in subdivision (3) thereof (26 USCA § 2023 (c) (3) contained the following limitation:

"For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate."

The foregoing subdivision under section 65 (26 USCA § 2065) following was to "take effect as of January 1, 1928."

It is argued that section 23 (c) (3) does not apply to the present case because, under section 703 (a) (2) of the same Revenue Act of 1928 (26 USCA § 2703 (a) (2), inheritance taxes were to be allowed as a deduction to the beneficiary, if claimed by the latter, and not by the estate. Here they were paid and claimed as a deduction by the beneficiary, made a liability of the latter by judgment of the superior court of California, and neither paid nor claimed as a deduction by the executor of Lina Gillette or by the trustees under her trust deed. Section 703 (a) (2) by its terms only affected determination of the net income of a beneficiary or distributee "under the Revenue Act of 1926 or any prior revenue Act," and consequently bore no relation to the present case where section 23 (c) of the Act of 1928 had become controlling.

■ The Senate Committee on Finance, Seventieth Congress, First Session, states in Report No. 960, when dealing with proposed section 23 (c) afterwards embodied in the Revenue Act of 1928:

"Section 23 (c) of the House bill provides that estate, inheritance, legacy, and succession taxes shall be allowed as deductions only to the decedent's estate and not to the beneficiary. This is a change in existing law and is a substantial simplification. Furthermore, there is no sound policy which requires the deduction to be allowed to the beneficiary. The distributions of corpus which he receives are not treated as income and the tax which he is required to pay in

effect is merely a decrease in the corpus transmitted to him."

The foregoing reasoning is in accord with the statement of the Supreme Court in Keith v. Johnson, 271 U. S. 1, 46 S. Ct. 415, 416, 70 L. Ed. 795, that the New York state transfer tax "is deductible from the legacy and does not pass to the legatee."

■ Under the California Inheritance Tax Act (St. Cal. 1921, p. 1500, § 1, amended by St. Cal. 1925, p. 472, § 1), the word "estate" means the interest of a "testator * * * or donor passing or transferred to individual legatees," and section 9 (St. Cal. 1921, p. 1510, § 9) requires any executor or trustee having in charge or trust any legacy or property for distribution subject to an inheritance tax to deduct the tax therefrom and not to deliver any property subject to a tax until he shall have collected the tax thereon. Moreover, it is provided in section 3 (St. Cal. 1921, p. 1503, § 3) that inheritance taxes shall be a lien upon property transferred until such taxes are paid.

The California statute relating to the imposition and collection of inheritance taxes does not differ essentially from that of New York discussed by the Supreme Court in Keith v. Johnson, 271 U. S. 1, 46 S. Ct. 415, 70 L. Ed. 795, or that of Texas dealt with in United States v. Mitchell, 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799. Under the inheritance tax laws of all three states the estate is primarily responsible for the payment of the tax. The judgment against the taxpayer in the California superior court did not relieve the estate of Lina Gillette from a primary duty to pay the tax. The state only obtained a judgment against the petitioner herein because the trustees had not paid the tax as they were in the first instance bound to do.

■ It is further contended that section 23 (c) (3), if interpreted as depriving the taxpayer of the right to deduct the tax, would be unconstitutional. The contention is founded on the claim that such an interpretation would make an arbitrary distinction between inheritance taxes on property which passed to an executor and on property transferred in contemplation of death. It is said in this connection that, if A should bequeath $100,000 to trustees to pay the income to his son, his executor would be able to pay the inheritance taxes and deduct the amount from the income of the estate during the period of administration, thus increasing the payments available for the

beneficiary. If B, however, a month before his death, gave his son $100,000 in contemplation of death and that sum constituted the donor's whole estate, the son would be required to pay the inheritance tax while, under the terms of section 23 (c) (3), he would not have the benefit of any deduction of the payment from the income. But we do not think that the statute would involve an arbitrary classification even if the constitutional rights of the present taxpayer were viewed most strongly in his favor. The trustees here had property available to pay the inheritance tax, were under a duty to pay it from that property, and were entitled to deduct any amount thus paid from the income which might accrue from income from their trust. Commissioner v. Beebe (C. C. A.) 67 F.(2d) 662, 92 A. L. R. 862.

But, even if no trust had been created and the gift had been made directly to the taxpayer, we are not persuaded that an inability of the executor of the donor to secure property from which the inheritance tax might be paid would render the provisions of section 23 (c) (3) arbitrary or capricious. If a donor transfers his property in such a way that the transfer is testamentary in character and because of such transfer leaves no assets coming into the hands of his executor or administrator with which to pay inheritance taxes, it may well be that a deduction of the inheritance taxes from income can be taken by no one. Such deductions are ordinarily matters of grace, and a statute which only allows them to estates could not seem to involve an arbitrary classification. Essentially they are carved out of the estates of decedents prior to devolution of the property, and beneficiaries get nothing but what is left. Keith v. Johnson, 271 U. S. 1, 6, 46 S. Ct. 415, 70 L. Ed. 795. There can be no objection to depriving a legatee of a deduction of inheritance taxes from his income, for naturally they are not payable by him but from his legacy, which properly he only receives less the taxes. If he gets the gross amount and has to pay the tax personally, it is not the fault of the taxing system, but of the decedent who chose to make a transfer inter vivos which, in respect to taxation, the law disregards.

Since the decision in Keith v. Johnson, it may be doubted whether the deduction of such taxes would ever have been allowed to beneficiaries if all the implications of the allowance had been fully weighed. It is evident that because of the decisions in Keith v. Johnson and United States v. Mit-

chell, supra, section 23 (c) (3) was inserted in the Revenue Act of 1928. We think that it applied in this case and prevented the beneficiary from receiving the benefit of the deduction.

The order of the Board of Tax Appeals is affirmed.