## MARTZ et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7728.

Circuit Court of Appeals, Ninth Circuit.

March 2, 1936.

J. Wiseman Macdonald and W. W. Wallace, both of Los Angeles, Cal., and Chas. F. Hutchins, of Pasadena, Cal., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Arnold Raum, and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

This petition to review arises out of two consolidated cases before the Board of Tax Appeals wherein it was decided that there was a deficiency of $5,496.20 for the year 1928 in the case of Regina

Martz and a deficiency for the same year of $14,581.53 in the case of A. J. Martz.

Elizabeth Martz, mother of the petitioners, died November 20, 1927, and A. J. Martz was appointed administrator of her estate. Inheritance taxes in the sum of $427,043.16 were paid the state of California, out of the estate, on May 10, 1928. On May 29, 1928, a partial distribution of the estate was made to petitioners here, which estate consisted of income-producing real estate. The income from the estate so distributed to the petitioners amounted to approximately $21,000 per month. The petitioners in their individual income tax returns for the year 1928, filed in March, 1929, each claimed a deduction of $213,521.58, being one-half of the inheritance tax paid by the estate. A. J. Martz, as administrator of the estate, in the income tax return of the estate for the year 1928, did not take the amount of the inheritance tax as a deduction. The respondent disallowed these amounts taken as deductions from the income of the petitioners.

The Revenue Act of 1928 was passed May 29, 1928, but made effective as of January 1, 1928 (45 Stat. 791).

Petitioners assert that at the time payment of the inheritance tax was made the Revenue Act of 1928 had not yet been passed, and that if section 23 (26 U.S.C.A. § 23 and note) is applicable they will be injured by its retroactive effect. That a tax measure is retroactive is not a valid objection. As a matter of fact, most income tax acts are retroactive, in that they are generally passed after a part of the year for which they are applicable has elapsed and are given an effective date back to the first of that year. "The right of Congress to have imposed this tax by a new statute, although the measure of it was governed by the income of the past year, cannot be doubted; much less can it be doubted that it could impose such a tax on the income of the current year, though part of that year had elapsed when the statute was passed." Stockdale v. Atlantic Insurance Company, 20 Wall.(87 U.S.) 323, 331, 22 L.Ed. 348. See, also, Updike et al. v. United States (C.C.A.8) 8 F.(2d) 913, 916, and cases there cited. .

Section 23 (c) (3) of the 1928 Act (45 Stat. 791, 799, 26 U.S.C.A. § 23 note) provides that "estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, *and shall be allowed as a deduction only to the estate."* (Italics ours.) Respondent contends that this above-quoted part of the statute forbids the claimed deductions for the reason that the inheritance taxes here involved were deductible by the estate, but could not be deducted by the distributees.

On the other hand, petitioners contend that the section set out above and relied upon by respondent does not apply for inasmuch as the act was made retroactive, there was included in said act a saving clause which must be applied to the facts herein. Section 703 (a) of said act (45 Stat. 879) relied upon reads as follows:

"In determining the net income of an heir, devisee, legatee, distributee, or beneficiary (hereinafter in this section referred to as 'beneficiary') or of an estate for any taxable year, under the Revenue Act of 1926 or any prior revenue act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:

"(1) If the deduction has been claimed by the estate, but not by the beneficiary, it shall be allowed to the estate;

"(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary.

"(3) If the deduction has been claimed by the estate and also by the beneficiary, it shall be allowed to the estate (and not to the beneficiary) if the tax was actually paid by the legal representative of the estate to the taxing authorities of the jurisdiction imposing the tax; and it shall be allowed to the beneficiary (and not to the estate) if the tax was actually paid by the beneficiary to such taxing authorities."

Petitioners argue that although the act of 1928 was made retroactive to a date prior to the payment of the California inheritance tax, the fact that the payment was actually made before the act of 1926 had been superseded that therefore section 703 (a) should be here applied.

The reading of section 703 (a) plainly indicates that it is intended to apply to inheritance taxes paid prior to the year 1928, and, therefore, the income taxes here in controversy are to be computed in accordance with section 23 (c) (3) of the act of 1928.

Directly in point is respondent's leading authority. Gillette v. Commissioner, 76 F. (2d) 6 (C.C.A.2). There the petitioner

112

personally paid the inheritance taxes himself, after a judgment of the Superior Court of California therefor had been entered against him. That case required the construction of the very statutes here involved. Likewise, the claimed deduction was for California inheritance taxes. The California Inheritance Tax Act (St.1921, p. 1500, as amended) requires the executor or trustee in charge of an estate or property subject to inheritance taxes to deduct the tax therefrom and not to deliver up any property until he had collected the tax thereon. It is also provided by the same act that inheritance taxes shall be a lien upon property transferred until such taxes are paid. The court said (76 F.(2d) 6, at page 7):

"It is argued that section 23 (c) (3) does not apply to the present case because, under section 703 (a) (2) of the same Revenue Act of 1928 (26 U.S.C.A. § 2703 (a) (2), inheritance taxes were to be allowed as a deduction to the beneficiary, if claimed by the latter, and not by the estate. Here they were paid and claimed as a deduction by the beneficiary, made a liability of the latter by judgment of the superior court of California, and neither paid nor claimed as a deduction by the executor of Lina Gillette or by the trustees under her trust deed. Section 703 (a) (2) by its terms only affected determination of the net income of a beneficiary or distributee 'under the Revenue Act of 1926 or any prior revenue Act,' and consequently bore no relation to the present case where Section 23 (c) of the Act of 1928 had become controlling. * * *

"The California statute relating to the imposition and collection of inheritance taxes does not differ essentially from that of New York discussed by the Supreme Court in Keith v. Johnson, 271 U.S. 1, 46 S.Ct. 415, 70 L.Ed. 795, or that of Texas dealt with in United States v. Mitchell, 271 U.S. 9, 46 S.Ct. 418, 70 L.Ed. 799. Under the inheritance tax laws of all three states the estate is primarily responsible for the payment of the tax. The judgment against the taxpayer in the California superior court did not relieve the estate of Lina Gillette from a primary duty to pay the tax. The state only obtained a judgment against the petitioner herein because the trustees had not paid the tax as they were in the first instance bound to do."

The decisions of the Board of Tax Appeals are affirmed.