BLANCH A. BAGNALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 76521.   Promulgated November 3, 1936.

*Harry W. Elliott, Esq.*, for the petitioner.
*Francis L. Van Haaften, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of
$1,957.90 in petitioner's income tax for 1930. The petitioner assails
the increase of her reported individual income from a trust, which
increase was the result of the disallowance of a deduction taken by
the trust of the amount of inheritance and estate taxes paid by the
trust. The facts are stipulated, and only a question of law is involved.

Petitioner's husband, before his death in 1929, made a trust in
contemplation of death, the corpus of which was included in the estate
upon which Federal estate tax and California inheritance tax were
imposed. The trustee of the trust was a different person from the
administrator of the estate, and each filed a separate income tax
return for 1930. Between them, they apportioned the estate and
inheritance taxes upon the ratio of their portions of the property
included in the taxable estate, and each paid his share. The peti-
tioner was the sole beneficiary of the trust, and all its income was
distributable to her. The trustee on the fiduciary return took a
deduction of the amount ($26,547.31) paid by it as its share of estate
and inheritance taxes, and thus it reduced its net income. On its

1

return, it showed all of such net income to be distributed to petitioner as beneficiary, and it is stipulated that on her individual return she included this net amount in her taxable income. On the separate fiduciary return of the administrator of the estate, the deduction for taxes was limited to the amount actually paid by him, that is, the proportionate share aforesaid. Even with this limited deduction, its net income was reduced to *nil*, and hence it is plain to be seen that if it had deducted the entire tax imposed upon the estate it would have reduced its income tax no further. This adventitious circumstance perhaps accounts for the method of the three returns and the present controversy, for if the decedent had not made his trust, the entire income would have come to the administrator, returnable in his gross income, and the deduction of the entire estate and inheritance tax would have operated upon the amount of his income tax.

Section 23 (c) of the Revenue Act of 1928 provides for the deduction of taxes, and includes the following:

\* \* \* For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate.

Words could not be plainer to confine the use of the deduction to the decedent's estate. In cases where the beneficiary of the decedent's estate sought the deduction, its disallowance has been sustained under this statute. *Gillette* v. *Commissioner*, 76 Fed. (2d) 6; *Martz* v. *Commissioner*, 82 Fed. (2d) 110. This the petitioner admits, and disclaims any right to the deduction *qua* deduction on her individual return. She claims, however, that she may have an equivalent benefit by including in her gross only the remainder of the trust income after its deduction of the tax. Thus the argument turns upon whether the trustee of the *inter vivos* trust was entitled to take the deduction.

Clearly the taxpayers may not by their own choice circumvent the express restriction of the statute. If petitioner had been the direct recipient of her husband's gift in anticipation of death, she would have no right to deduct the estate tax on her income tax return, even though she paid it all. *Gillette* v. *Commissioner*, *supra;* *Martz* v. *Commissioner*, *supra*. The trustee has no greater right, even if by the trust instrument he was required to bear the tax or given the right to bear it. While it is true that the trust corpus is used to measure the estate tax, the fiduciary of one may not be confused with the fiduciary of the other by calling them both the "estate." In this they are wholly unlike the single fiduciary of an estate and a testamentary trust arising from the same will. Cf. *Commissioner* v. *Beebe*, 67 Fed. (2d) 662; *Commissioner* v. *Pennsylvania Co. for Insurances, etc.*,

83 Fed. (2d) 545. The latter is indeed a fiduciary under the decedent's will of part of the property within his estate. But the fiduciary of an *inter vivos* trust is not administering testamentary property. The fact that the Federal revenue act treats the property, because the trust was made in contemplation of death, as if it were part of the decedent's estate, is not sufficient to give a new or special meaning to the word estate as a taxpayer. As used in section 23 (c), the word estate is a word of personification, meaning a taxpayer. See section 701 (a) (1). It may include several persons who carry out the decedent's will, *Commissioner* v. *Beebe, supra,* but it is not at the same time to be used as meaning the property being administered.

The evidence does not disclose whether in fact the petitioner actually received from the trustee only the amount shown as net income upon the fiduciary's return, and therefore even if equitable consideration were germane it would be impossible to say that she is being taxed upon more than she enjoyed. There is also no occasion to consider whether the trust fiduciary was by law required to bear any part of the estate tax.

*Judgment will be entered for the respondent.*