## LONERGAN *v.* UNITED STATES.

No. 121.   Argued January 10, 1938.—Decided January 31, 1938.

*Mr. Pierce Lonergan, pro se.*

*Mr. J. Albert Woll,* with whom *Solicitor General Reed, Assistant Attorney General McMahon,* and *Messrs. William W. Barron* and *W. Marvin Smith* were on the brief, for the United States.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

In the District Court, Western District of Washington, the petitioner was convicted of violating § 215 Criminal Code; 18 U. S. C. 338, by using the mails for fraudulent purposes. He appealed to the Circuit Court of Appeals, Ninth Circuit, and filed—August 14, 1936—forty assignments of error. The judgment of conviction was affirmed March 6, 1937, upon an opinion, 88 F. (2d) 591, which, among other things, states—

34

"Twenty-eight assignments (numbered 5, 9 to 25, inclusive, and 31 to 40, inclusive) are to the admission of and refusal to strike out evidence. The assignments do not indicate that any of this evidence was objected to in the trial court. They do not state what objections, if any, were made, nor the grounds thereof, nor the grounds, if any, on which appellant moved to strike out the evidence. Such assignments do not conform to our Rule 11 and will not be considered. Cody *v.* United States (C. C. A. 9), 73 F. (2d) 180, 184; Goldstein *v.* United States (C. C. A. 9), 73 F. (2d) 804, 806."

This ruling we think was error. Through wrongful interpretation and application of the rule petitioner was denied a proper hearing.

At the date of the appeal the pertinent portion of Rule 11 read as follows—"When the error alleged is to the admission or the rejection of evidence the assignment of errors shall quote the full substance of the evidence admitted or rejected."

Concerning this provision, the opinion in *Goldstein* v. *United States,* (1934) 73 F. (2d) 804, 806, declared— "The assignment of error must not only quote 'the full substance of the evidence admitted or rejected,' but it must also state the error asserted and intended to be urged. This requires that the objection and ruling of the court upon the objection and the exception to the ruling be incorporated in the assignment of error." Adhering to this interpretation, the court persistently refused to consider assignments deemed not in conformity therewith.

Between the appeal and announcement of the opinion under consideration, Rule 11 was amended so as to provide—"When the error alleged is to the admission or rejection of evidence the assignment of error shall quote *the ground urged at the trial for the objection and the exception taken and* the full substance of the evidence admitted or rejected." .

Manifestly petitioner had the right to rely upon the rule, properly construed, as it stood at the time of his appeal—before the amendment. And if analysis of one of the rejected assignments discloses substantial compliance, the cause must go back for further consideration of the record.

Litigants may not be deprived of a hearing upon their points by wrongful construction of rules nor by their arbitrary application. An unwarranted construction has been given to the language of Rule 11; properly interpreted, it did not require petitioner to do all the things specified by the amendment.

The substance of Assignment No. XVI follows—

"The court erred in admitting in evidence, and denying defendant's motion to strike, to which exceptions were taken and allowed, plaintiff's Exhibit No. 75, being a letter on the letterhead of Battle, Hulbert, Helsell & Bettens, as follows:" [This letter—a long one—dated August 17, 1934, addressed to petitioner and signed Battle, Hulbert, Helsell & Bettens, by Joseph E. Gandy, is set out in full. It states, among other things, that certain "allegations and persuasions" made by the petitioner to one Atwood "were obviously fraudulently made" and that one "Atwood was defrauded by the misrepresentations," etc.]

"The testimony in support of its admission given by witnesses A. M. Atwood and Joseph Gandy, is substantially as follows." [Here follows a resume of the testimony given by these witnesses.]

"The reasons such Exhibit should not have been admitted, and that it should have been stricken, are as follows:

"1. It was hearsay evidence, contained conclusions of third parties, and happened subsequent to the termination of the alleged plan.

"2. It was a self serving statement of a third party making the statements therein contained.

"3. It was highly incompetent, irrelevant and immaterial, and in its nature highly prejudicial to the defendant. Its admission was not necessary to clarify 76-A and it was not related to 76-B."

We think this assignment adequately met the applicable requirements of Rule 11. Clearly, it quoted the full substance of the evidence admitted and was definite enough to enable both court and opposing counsel readily to perceive the point intended to be relied on. *Seaboard Air Line Ry. Co.* v. *Watson,* 287 U. S. 86, 91.

Other assignments also seem sufficiently definite and formal to demand consideration. We do not pass upon the merits of any assignment and decide only that some, if not all, of them were improperly rejected.

The challenged judgment must be reversed. The cause will be remanded to the Circuit Court of Appeals for further proceedings in harmony with this opinion.

*Reversed.*

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.