## BAGNALL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8475.

Circuit Court of Appeals, Ninth Circuit.

May 6, 1938.

H. W. Elliott, of Los Angeles, Cal., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, John G. Remey, and Milford Zimmerman, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is a proceeding to review a decision of the Board of Tax Appeals sustaining the assessment of a deficiency.

In 1928 Albert Lawrence Bagnall, a resident of California, established a trust inter vivos, vesting in the trustee title to certain shares of corporate stock. The trust was irrevocable and was admittedly made in contemplation of death. It was created primarily for the benefit of the trustor's wife, petitioner here, it being provided that she is to receive during her life the entire net income of the property. Bagnall died testate in September, 1929, leaving an estate appraised at approximately $46,000 aside from the assets of the trust theretofore created. An administrator was appointed with the will annexed.

The estate of the decedent, including both the property in the hands of the administrator and that in the possession of the trustee, was assessed for state inheritance and federal estate tax purposes, the total of the taxes being approximately $30,000. In the discharge of these assessments the trustee paid a proportionate part ($26,547.20) and the administrator paid the

remainder. These payments were made in 1930.

The following returns for that year were thereafter made by the parties in interest: The administrator made an income tax return, deducting the amounts of estate and inheritance taxes which he had paid. The trustee filed a fiduciary return, setting up therein as a deduction from the gross income of the trust the amounts of state inheritance and federal estate taxes paid by it. In her income tax return the petitioner reported the net income shown from the statement of the trustee, after the deduction from the income of the trust of the amounts of these payments.[1] The deduction of the amounts of estate and inheritance taxes paid by the trustee was disallowed by the Commissioner, and these deductions were transferred from the return filed for the trust to the return filed for the estate "in accordance with the provisions of section 23(c) of the Revenue Act of 1928 [45 Stat. 799, 26 U.S.C.A. § 23 note] and article 154 of Regulations 74." The distributed earnings or net income of the trust were increased, and the net income set forth in petitioner's return was increased by a similar amount, namely, in the amount of $26,547.20. A deficiency was accordingly assessed against the petitioner. This deficiency assessment presents the matter in controversy.

The return of the trustee was the "information" return exacted of all fiduciaries under section 143 of the 1928 act, 45 Stat. 833, 26 U.S.C.A. § 142 and note. In it the fiduciary is required to state "specifically the items of gross income thereof *and the deductions and credits allowed under this title*." (Italics supplied.) As we understand it, the difference of opinion which arose between the petitioner and the Commissioner, resulting in the matter being brought before the Board of Tax Appeals, concerned the validity of the fiduciary return. The petitioner claims that the trustee was permitted by the terms of the act to deduct the estate and inheritance taxes. The Commissioner contends that these deductions were allowable only to the estate of the decedent. Each party relies upon the provisions of section 23(c) of the 1928 act. This provides that, with certain exceptions, in computing net income there shall be allowed as deductions taxes paid or accrued within the taxable year. The permission to deduct taxes is, however, circumscribed by the following provision found at the end of the applicable subsection: "For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, *and shall be allowed as a deduction only to the estate*." (Italics supplied.)

Petitioner contends that "the estate" includes a trust estate, and she points to the fact that the trust corpus was included in the estate against which these succession taxes were assessed. Reliance is placed on Commissioner v. Beebe, 1 Cir., 67 F.2d 662, 92 A.L.R. 862; Commissioner v. Pennsylvania Co. for Insurance, 3 Cir., 83 F.2d 545; Gillette v. Commissioner, 2 Cir., 76 F.2d 6; and Martz v. Commissioner, 9 Cir., 82 F.2d 110. The view of the Commissioner, which the Board of Tax Appeals upheld (Bagnall v. Commissioner, 35 B.T.A. 1), is that "the estate" has reference to a taxable person and that the deduction of estate and inheritance taxes is permitted to be made only by an executor or administrator, or by a testamentary trustee charged with the administration of property of the decedent.

We think the ruling of the Board was correct. The power of Congress to tax gross income is unquestionable. The extent to which deductions from gross income may be made is a matter of legislative grace; and only where the law clearly provides for it may any deduction be taken. Further, the rule that ambiguities in statutes imposing taxes are to be resolved in favor of the taxpayer does not apply in determining what the taxpayer may deduct. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Helvering v. Inter-Mountain Life Insurance Co., 294 U.S. 686, 689, 574, 55 S.Ct. 572, 79 L.Ed. 1227.

Section 701 of the 1928 act, 45 Stat. 878, 26 U.S.C.A. § 1696 and note, defines the term "person" as meaning an individual, a trust or estate, a partnership, or a corporation. The right to deduct succession taxes from current income appears to be limited to the person or persons charged with the administration of the estate of the decedent. In the report of the Senate Finance Committee on the 1928 act it is explained that section 23(c) allows deductions of in-

---

[1] The record does not disclose whether in fact the petitioner actually received from the trustee only the amount shown as net income on the fiduciary return.

heritance and similar taxes "only to the decedent's estate" and not to the beneficiary. Report No. 960, 70th Congress, 1st Sess., p. 20. An irrevocable trust carved out of the estate òf the trustor in his lifetime is no part of his estate after his death, except for the limited purposes of the succession tax. Certainly, there is not in the law any clear authorization permitting the trustee of an inter vivos trust to deduct inheritance or estate taxes in reporting trust income. It is of interest to note that under the 1934 and 1936 acts, § 23(c), 26 U.S.C.A. § 23(c)(3), these taxes are no longer deductible even by the estate.

■ What has been said disposes of the specific question dealt with by the Board and presented here for review. However, after the submission of the case to us it was suggested that so much of the corrected net income of the trust as had supposedly been devoted to the payment of these taxes was not, *under the terms of the trust instrument,* currently distributable to the petitioner; hence, that the trustee, and not the petitioner, was taxable on that part of the income. See section 162(b) of the act, 45 Stat. 838, 26 U.S.C.A. § 162 and note. The trust declaration provides that from the gross income of the trust, or from the principal if there be no income, the trustee, shall first pay all taxes, including inheritance and federal estate taxes; and that there shall be paid to the beneficiary the net income derived from the trust. While they "lurked in the record," questions concerning the effect of these or any other provisions of the instrument upon the legal relation subsisting between the trustee and the beneficiary, or their effect upon the incidence of the tax on the trust income, do not appear to have been presented to the Board. Certainly they were not dealt with. Nor is there any mention of the trust instrument in the petition for review filed with this court, or in the assignments of error contained in the petition,[2] or in the brief or argument of the petitioner. The petitioner planted herself squarely on the fiduciary return and sought to justify it by appealing to a broad interpretation of section 23(c) of the revenue laws. She made no appeal to the provisions of the trust instrument, as they obviously had no bearing on the point she sought to have determined. In short, the terms of the declaration of trust are now for the first time injected into the controversy. Compare United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. ——, decided by the Supreme Court January 3, 1938. This court in a proceeding of the sort before us is not a fact-finding tribunal, nor may it consider or determine any point not pressed before the Board of Tax Appeals or ruled upon by that body. General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; Helvering v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511; Sunset Scavenger Co. v. Commissioner, 9 Cir., 84 F.2d 453; Kottemann v. Commissioner, 9 Cir., 81 F.2d 621.

■ Once we undertake to construe and apply the trust instrument, numerous and perplexing collateral questions, some of law, others of fact, intrude themselves and demand answer—questions not ruled upon by the Board, not presented by the assignments, and discussed, if at all, only in belated and inadequate briefs filed at the request of the court long subsequent to the argument. It would be fruitless to enumerate these questions. In reviewing orders of the Board made on petitions to redetermine the assessment of deficiencies we are dealing with intricate and difficult problems inherent in the administration of a great department of the government, as well as with the equally intricate provisions of the revenue laws themselves. This case illustrates as well as any the good sense of the rule which confines the courts to a review of the points presented to or ruled on by the administrative tribunal clothed by Congress with full authority to inquire into and determine disputes, both as to the law and as to the facts.

Order affirmed.

---

[2] These are:

"1. The decision of the Board that the inter vivos trustee was not entitled to deduct the inheritance and estate taxes paid by the said inter vivos trust and deducted in its fiduciary return of income tax for 1930.

"2. The decision of the Board that the inter vivos trust estate was not 'the estate' within the meaning of section 23 (c) of the Revenue Act of 1928.

"3. The Board's failure to hold that the fiduciary of an inter vivos trust made in contemplation of death was entitled to take the deduction for inheritance and estate taxes paid, as permitted the fiduciaries of other property left by the decedent by virtue of said section 23 (c).

"4. The Board's refusal to hold that there is no deficiency in petitioner's income tax return for 1930."

DENMAN, Circuit Judge (dissenting).

I dissent on two questions of law:

(1) Under the controlling terms of the trust, its contribution to the taxpayer's *gross* income is the *net* income of the trust estate. Each income is subject to a separate tax on a separate taxable entity, under different computations. Failing to recognize this, the majority has erroneously held that, in computing the beneficiary's tax, the gross income of the estate is to be considered as a part of the gross income of the beneficiary. In so doing it contravenes the Supreme Court decisions relied upon by the taxpayer and not mentioned in the majority opinion. Anderson v. Wilson, 289 U.S. 20, 27, 53 S.Ct. 417, 420, 77 L.Ed. 1004, and others considered infra.

(2) The taxpayer properly raised the question below, where it was considered and erroneously decided—though the plain words of the Board's decision are not quoted in the majority opinion or even commented upon. It was properly presented here and fully briefed. It does not "lurk in the record." It sticks out like a sore thumb.

This dissent, it is submitted, shows the majority is imposing on the taxpayer an unjust contribution to federal income, thereby unjustly relieving other taxpayers of their share in the support of the government. While this is true of any tax case unjustly decided, it is a political injustice so dangerously disturbing that when accomplished by a pure technicality it has grave effects on the confidence in our judicial system.

As later detailed, we are doing this after ordering further briefing on the underlying and obvious question of the merits as affected by Anderson v. Wilson, supra, and other cases, and then, the briefs being considered, we reject the argument briefed on the ground the question is not raised in a proper manner.

It was properly assigned here, but, even if not, we may properly consider it, since it was both presented and adjudicated by the Board.

On this second phase of the proceeding, it is submitted, we again wrongly are placing procedure above the merits, on which *we ourselves* discerned a plain error, whether or not assigned. Lonergan v. U. S., 58 S.Ct. 430, 82 L.Ed. ——; Century Indemnity Co. v. Nelson, 58 S.Ct. 531, 532, 82 L.Ed. ——; Kelly v. U. S., 300 U.S. 50, 54, 57 S. Ct. 335, 337, 81 L.Ed. 507.

**I. The income of one of several beneficiaries of an intervivos trust is a taxable entity separate from the income of the trust. Her gross income is not the gross income of the trust but no more than is attributable to her under the terms of the trust. Under the trust terms here, the net income after deducting state inheritance and federal estate taxes.**

While it is true that an income tax may be levied on gross income without any deductions at all, our first duty is to determine what the taxpayer's gross income is. The portion of the gross income of the beneficiary taxpayer attributable to her *from* the trust estate may be something entirely different from the gross income of the trust estate itself. Anything in excess of what is distributable to her is not a part of her gross income and is not taxable under the Sixteenth Amendment to the Constitution. Even if Congress desired to do so, it cannot declare that to be income which is not, and then levy a tax on it. Weiss v. Stearn, 265 U.S. 242, 44 S.Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520; Marr v. U. S., 268 U.S. 536, 540, 45 S.Ct. 575, 576, 69 L.Ed. 1079; Eisner v. Macomber, 252 U.S. 189, 203, 40 S. Ct. 189, 191, 64 L.Ed. 521, 9 A.L.R. 1570; Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756, reversing Commissioner v. Koshland, 9 Cir., 81 F.2d 641, see dissent page 644.

The contribution from the trust to the taxpayer's gross income is determined by the trust provisions creating that income and its construction is our primary obligation. Anderson v. Wilson, 289 U.S. 20, 27, 53 S.Ct. 417, 420, 77 L.Ed. 1004; Baltzell v. Mitchell, 1 Cir., 3 F.2d 428, 430, considered infra.

Since, under the Constitution, Congress can tax no more than her gross income, and since no more is attributable from the trust to *her* gross income than the trust grants to *her,* the solution of the problem of her tax rests upon the plain language of the trust itself.

This court does not have to do any "fact finding" regarding the terms of the trust. They are stipulated to by the parties and considered in the opinion of the Board. These are:

"Fifth: Power to Determine
Net Income.

"The Trustee is hereby vested with absolute and uncontrolled power and discretion to determine * * * what shall

*constitute net income* available for distribution *as herein provided.* \* . \* \*

"Sixth: Gross Income.

"From the gross income received or derived from the Trust Estate, or from the principal thereof if there be no income, the *Trustee shall first pay* and discharge all taxes, assessments, *inheritance* and/or *Federal estate taxes,* costs, charges and expenses incurred in the care, administration and protection of the Trust Estate \* \* \*.

"Seventh: Payment of Income.

"The Trustee shall pay the *net income* derived from the Trust Estate to the Beneficiary herein named in equal quarterly installments to be determined each year by said Trustee during her lifetime \* \* \*." (Italics supplied.)

It is thus clear that the taxpayer's addition to *her gross* income from the trust is the trust's *net* income, as that is to be computed by the trustee as therein provided.

The trustee's fiduciary return, stipulated as part of the evidence, shows that the taxes were paid from the income "from dividends on stock of domestic corporations" (Tr. 47, 48) and not the corpus of the estate.

Here there are three beneficiaries of the trust—three entities to whom the trustor ordered payment of the trust funds in the tax year in question. Two of them are preferred over the third. One of these is the State of California, to which the trust orders payment of inheritance taxes. Another is the United States, to which is ordered the payment of estate taxes. It is true the inter vivos trust estate may be contingently liable if, upon the trustor's death, the general assets of the decedent could not pay the taxes.[3] Nevertheless the state and federal governments were direct and express beneficiaries and could sue the estate without seizure and exhaustion of the general assets in the hands of the executor. or administrator, or, if distributed, of the distributee.

The third beneficiary is a residuary beneficiary, after the first two beneficiaries are paid. She continues as a beneficiary after the· tax year in which the two others have received their benefit. This third ·beneficiary is the petitioning taxpayer. Her *gross* income is something entirely different from the gross income of the. estate. It bears a tax entirely separate from and differently computed from the tax on the estate. "Both the language used and its aptness to effect the obvious scheme for the *division of tax between the estate and the beneficiary seem so plain as not to require construction.*" Freuler v. Helvering, 291 U.S. 35, 42, 54 S.Ct. 308, 311, 78 L.Ed. 634. (Italics supplied.)

Even if she were the sole beneficiary of this inter vivos trust, which, for the tax year in question, she is not, her tax would be just as different from the tax on the estate, as.the tax on a stockholder's dividend from a corporation of which he holds all the shares, differs from the tax on the corporate income. The dividend comes after the corporation's deduction of federal income tax. The income tax paid in any year is not deducted in computing the corporate income for taxation for that year, but it is not added to the sole stockholder's income in computing his personal tax.

Long antedating the tax on withheld corporate dividends, in trust estates the federal income tax was laid on the income *not* distributed to the beneficiaries, and the *two* taxes, one on the trust income, and one on the beneficiaries, were created.

We thus see that just as in taxing corporate dividends, under the terms of the trust the Commissioner is entitled to add nothing to her gross estate after the federal estate and state inheritance taxes have been paid, even if they could be deducted from the inter vivos trust estate's income.

The language of section 23(c), "For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as· a deduction only to the estate," clearly refers to the decedent's estate liable for the succession tax. In so far as a testamentary trust shapes the succession of decedent's estate, the language is conceivably applicable to such a trust. Here the trust is inter vivos, the trustor may live for years and his other assets, at his death, pay all the taxes. As the Board holds, "the fiduciary of an inter vivos trust is not administering testamentary property."

Even if it is attempted to be applied to this inter vivos trust, it cannot increase the

[3] As to federal estate taxes Revenue Act 1926, § 305(a), 44 Stat. 74, 26 U.S.C.A. § 422(a)(1), (b), Regulations 70, art. 79; Reg. 80, art. 79. As to California inheritance taxes, Gillette v. Com'r, 2 Cir., 76 F.2d 6, 7.

amount which the trust itself makes distributable to the taxpayer. Congress cannot revise the trust so the beneficiary could sue the trustee and compel him to pay to her, or attribute to her, the amount of the taxes the trust compels him to pay to the other beneficiaries, i. e., the state and federal governments. It is not reasonable to suppose that Congress intended, even if it could, to overrule the Supreme Court decisions above cited declaring that any beneficiary's income is determined by the terms of the trust itself. Since Congress cannot compel the trust to give the taxpayer such an addition to her gross income, an attempt to tax it as a part of such income is not within the terms of the Sixteenth Amendment.

Though there is no evidence that it did, it is obviously a matter of indifference whether the trustee overpaid the taxpayer the amount of the estate tax by not deducting it from the trust's gross income before distributing the net to her. If it did, so, it violated the trust and could be compelled to sue her for its return by any creditor of the trust estate. Such a wrongful payment is not part of her income. Freuler v. Helvering, 291 U.S. 35, 42, 54 S.Ct. 308, 310, 78 L.Ed. 634.

There is no ground for the Board's contention that the inter vivos trust attempts any tax evasion. On the contrary, the trustor removed any question whether he made it in contemplation of death to avoid death taxes, by specifically providing for their payment before any benefit to the beneficiary. Since, as the Board contends, the provision allowing the deduction of these taxes is not applicable to such an inter vivos trust, the trustee cannot claim the deduction of these federal or state taxes in determining the federal tax on the trust income. Here then, again, is no tax avoidance, for the estate pays the income tax on a gross income without the deductions. It is curiously unjust to charge avoidance of income tax on the amount of the inheritance and estate taxes, and then assert that the law is clear that two separate taxpayers must pay taxes on this amount. Such a charge ill suits an argument for double taxation.

**II. We ourselves required the further briefing of the above question, which was presented, considered, and adversely decided below and assigned here.**

The record affords no justification for the application of the doctrine that one must remain in the bed occupied in the tribunal below. In her appeal to the Board of Tax Appeals there was but one dispute between the Commissioner and the taxpayer. That was as to the amount of *her* tax. There was no dispute between them about the amount of the estate's tax, as the majority opinion here seems to discuss it. The trustee was no one of the "parties in interest" there or here, as the opinion suggests.

The Commissioner stipulated that the "controversy in this matter is the increase in *her* tax," agreeing that:

"Petitioner herein filed a return of net income for the year 1930, reporting the net income shown from the statement of said fiduciary or trustee, after the deduction from the income of the trust estate of the amounts previously paid, [estate and inheritance taxes] as aforesaid. *The deduction of the amounts paid by the trustee* Bank of America, as herein mentioned, was disallowed by the Commissioner, and *the distributive earnings or net income of the trust was increased, and the net income set forth in petitioner's return* was increased by a similar amount, and a deficiency was assessed for the calendar year of 1930, in the amount of $1,957.90, in controversy in this matter. A copy of said report is attached hereto marked exhibit 'K' and made a part hereof by reference." (Italics supplied.) (Tr. 17.)

It is thus seen that the one question in dispute before the Board concerning the overassessment, was whether *she* had attributable to her a distributable amount, from which the trustee, *under the terms of the trust, must* have deducted the two taxes required to be paid to the state and federal governments before it could pay or attribute anything to her. Strangely enough, though held to defeat the taxpayer's claim for justice here, the majority opinion neither quotes the language of her assignment of error below nor the opinion on which the petition is based, which decided it was not error. It is submitted that both the taxpayer, seeking certiorari, and the Supreme Court, considering it, are entitled not only to its statement but to a specific analysis of its terms, rather than mere inconclusive generalities.

This error she stated in her petition to the Board, as follows:

"(a) That respondent [in determining the income attributable to her under Trust No. 855] was in error in holding that pe-

titioner was not entitled to a *deduction* of $1,931.47 *on account* of federal estate tax in the matter of the estate of Albert Lawrence Bagnall, deceased, which sum *was paid* during the year 1930, by *Bank of America National Trust & Savings Association, as trustee under its private trust No. 855,* now No. S-7368 of Security First National Bank of Los Angeles.

"(b) That respondent [in determining the income attributable to her under trust No. 855] was in error in holding that petitioner was not entitled to a *deduction* of $24,615.84 *on account* of state inheritance taxes in the matter of the estate of Albert Laurence Bagnall, deceased, *paid by* Bank of America National Trust & Savings Association, *as trustee* under its private trust No. 855 (now known as private trust No. S-7368 in Security First National Bank of Los Angeles.") (Italics supplied.)

Inserted in brackets are the references to the income attributable to *her,* because it is obvious *this* beneficiary taxpayer had no dispute with the Commissioner over the taxes on the income of the trust. That would be a matter between the Commissioner and the trustee. Clearly the error claimed is that the respondent in computing her gross income did so by taking the gross income of the trust and not deducting the taxes paid by the trustee.

We have no evidence of the briefs or arguments before the Board, but it is obvious the contention was presented of *her* gross income from the trust as being the estate's gross income *less* the tax and other deductions, *for the Board's opinion expressly decides that question against her.* That opinion, after a long discussion of the Commissioner's contention, that because the *trust* estate is taxable on a gross income without deduction of the estate tax, so must the beneficiary be taxed even if the larger amount is not attributable to her under the trust, accepts that contention and rejects the taxpayer's.

Remembering that it is the trustee which under the trust is to determine the net income, the Board's opinion in holding that because the trustee cannot deduct the taxes from the *trust* gross income in determining *its* tax, it cannot deduct it in determining the *net distributable to the beneficiary,* states:

"This the petitioner admits, and disclaims any right to the deduction qua deduction on her individual return. She claims, however, that she may have an equivalent benefit by including in her gross *only the remainder* of the trust income after its *deduction of the tax.*

\* \* \* \* \*

"If petitioner had been the direct recipient of her husband's gift in anticipation of death, she would have no right to deduct the estate tax on her income tax return, even though she paid it all. Gillette v. Commissioner, supra; Martz v. Commissioner, supra. The trustee *has no greater right,* [in determining the amount distributable to her] *even if by the trust instrument he was required to bear the tax or given the right to bear it.*

\* \* \* \* \*

"There is also no occasion to consider whether the trust fiduciary was by law required to bear any part of the estate tax." (Italics supplied.) Board opinion, Tr. 64, 65.

We thus see that petitioner comes to this court, after having properly presented and received an adverse decision below on what common sense, as well as the record, tells us is the *only* question between her and the Commissioner. She presents it to us in her assignments of error, as follows:

"1. The decision of the Board that the inter-vivos trustee [in determining the amount distributable to her] was not entitled to deduct inheritance and estate taxes paid by the said inter-vivos trust and deducted in its *fiduciary return* of income tax for 1930.

\* \* \* \* \*

"4. The Board's refusal to hold that there is no deficiency in petitioner's income tax return for 1930." (Italics supplied.)

Since the trust instrument requires the *trustee* to determine the net income attributable to the beneficiary and it has done so in its fiduciary return required by the regulation, and since the sole question between her and the Commissioner was *her* tax, nothing but a justice-denying technicality can construe this as referring solely to an error in the taxation of the trust income, rather than her own.

In her opening brief she states her contention: "In the first place, petitioner *does not claim the deduction as such on her individual return,* but merely contends that the trustee was clearly entitled to take the deduction in its fiduciary return and there-

fore, she is taxable only on the trust income *reported by the trustee, after deducting the amounts of estate and inheritance taxes paid."* (Italics supplied.)

This first brief was thereafter devoted to repelling the Commissioner's contention that the trustee could not deduct these taxes from the trust income. In this the first briefs failed. However, we ourselves plainly saw the underlying question implicit in the error assigned below and here and, on the *argument* we questioned counsel on the difference between the gross income of the estate and that portion of the taxpayer's gross income attributable from the trust which consisted of the net income of the trust after the tax deductions.

Not being satisfied with the argument on this question, *we ourselves made an order for further briefs.* In the order we stated an extended question in which we offered for discussion whether she could be taxed on the theory that her gross income could include anything not attributable to her under the terms of the trust. In the statement of the question for briefing we cited the cases of Anderson v. Wilson, 289 U.S. 20, 24, 53 S.Ct. 417, 419, 77 L.Ed. 1004; Baltzell v. Mitchell, 1 Cir., 3 F.2d 428, 430.

In Anderson v. Wilson, supra, the question was whether the beneficiary of a testamentary trust could deduct losses arising from the sales of shares of stock held by the trust estate. The Commissioner there contended and the taxpayer opposed a construction of the terms of the trust that the trustee held the *title* to these trust assets and hence the loss was to the capital of the trust and not to his income. The question solved is of no importance here, but the principle under which it was solved is determinative of the beneficiary's tax liability here. That principle is that the income of the beneficiary is determined by the terms of the will creating the trust. The court holds: "To determine whether the loss was one suffered by the trust estate, or one suffered by the taxpayer to whom the proceeds of the sale were payable, there is need at the outset to determine the meaning of the will." Anderson v. Wilson, supra, 289 U.S. 20, 24, 53 S.Ct. 417, 419, 77 L.Ed. 1004.

In Baltzell v. Mitchell, supra, the First Circuit determines the income of the beneficiary by construing the terms of the trust, stating: "The beneficiary clearly has no distributive share in the net income of the estate or trust; but he has a distributive share of income to be paid him under and in *accordance with the terms* of the trust, *and resort must be had to them to ascertain* his proportion of the income or **his distributice share.** The beneficiary is not interested in the capital of the trust, but only in the income." (Emphasis supplied.) Baltzell v. Mitchell, supra, 3 F.2d 428, 430.

We also cited the Sixteenth Amendment and the cases above on the proposition that if the income was not attributable to her it was not a part of her gross income and Congress *could not* tax it in any event.

The Commissioner's supplemental brief admits the three principal contentions of this dissent, (1) "that the beneficiary and trust are separate taxable entities"; (2) that the decedent's estate is primarily liable for the tax and the inter vivos trust only contingently; and (3) that the taxpayer's income from the trust is determined by the trust terms.

The Commissioner attempts to rely on Esselstyn v. Commissioner, 26 B.T.A. 181, affirmed without opinion in 2 Cir., 65 F.2d 1015. That case construed a *testamentary* trust in which there was no specific provision that the beneficiary should receive from the trust only what was left after the payment of these taxes. The term "net income" there used was in the following clause of the will: "(a) to invest safely, reinvest and to keep the same safely invested and to pay over the net interest and income arising therefrom, semi-annually or quarter-yearly, to and for the use of my said daughter, Sophia Curtiss, during the term of her natural life."

The Board in the Esselstyn Case construed the net income there as being the gross income, less only those charges and expenses *used in earning that income.* Hence it excluded the succession and inheritance taxes whose incidence was prior to any earning of the testamentary trust. Clearly this has no application to an inter vivos trust specifically providing the taxpayer is entitled to nothing until after these taxes are paid.

The Commissioner's supplemental brief next claims that it is not proved that the taxes were not paid from the corpus of the estate. In this he overlooks his stipulation embodying the trustee's return in the statement of facts, showing that the trust income from dividends of its corporate stocks

exceeded the taxes and all other charges and their payment therefrom. It also over-looks the stipulated terms of the trust, which prevent their payment from the corpus if there be sufficient income to discharge them.

The Commissioner also urges that the contention that additions to the gross income of the taxpayer must be determined by the terms of the trust was not presented to or considered by the Board. Supra, it is shown that it was presented to the Board, considered by it and, it is submitted, erroneously decided. Despite the assertions of the majority opinion, it is perfectly clear that it did not "lurk in the record" nor has it failed of full presentation here.

The petitioning taxpayer was assessed upon an amount of money which never became, or could become, a part of her gross income; the deficiency assessment is illegal and the Board's order should have been reversed.