
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CANNA CARE, INC., | No. 16-70265 |
| Petitioner-Appellant, | Tax Ct. No. 5768-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the Decision of the
United States Tax Court

Argued and Submitted July 10, 2017
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and GUILFORD,** District
Judge.

Appellant Canna Care, Inc., a marijuana dispensary operating in California,

appeals the Tax Court's decision upholding the Internal Revenue Service's

deficiency findings in Appellant's federal income taxes for the years 2006 through

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Andrew J. Guilford, United States District Judge for the
Central District of California, sitting by designation.

2008. The Internal Revenue Service had determined those tax deficiencies because it found that Section 280E of the Internal Revenue Code, 26 U.S.C. § 280E, disallowed Appellant's purported business expense deductions.

Appellant raises three claims on appeal: (1) Section 280E as applied here violates the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution, (2) Section 280E does not preclude state and local tax deductions, and (3) Section 280E does not preclude Appellant's net operating loss carryover deduction from 2005.

Appellant did not raise any of these claims in the Tax Court and, thus, the arguments are all unpreserved for our review. "Absent exceptional circumstances, this court will not consider an argument that was not first raised in the Tax Court." *Sparkman v. Comm'r*, 509 F.3d 1149, 1158 (9th Cir. 2007). In our discretion, we decline to consider these claims now. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976).

**AFFIRMED.**